UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NEHEMIAH GRIMES, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Cause No. 2:13-cv-13-JMS-WGH |
| | ) |
| STANLEY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order Dismissing Action**

**I.**

Habeas petitioner Grimes seeks a writ of habeas corpus invalidating a prison disciplinary proceeding identified as No. REF 12-08-0031, wherein Grimes was found guilty of use of intoxicants. The evidence favorable to the challenged decision is that during the afternoon of August 14, 2012, Grimes was observed under the influence of intoxicants and that state of intoxication was then confirmed by a nurse who performed various tests—though not a blood test or a urine test.

Grimes is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. ' 2254(a). That is not the case here. The conduct report constitutes sufficient evidence of Grimes' violation of prison rules. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). Grimes was not entitled to forensic testing. *Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic

testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use). Finally, Grimes' concern with asserted irregularities in following prison regulation is not a sufficient basis on which to secure relief pursuant to § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). There was no arbitrary action in any aspect of the charge, disciplinary proceeding or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings which entitles Grimes to relief. His argument that the protections afforded by *Wolff* were not provided is based on assertions which do not entitle him to the relief he seeks, namely a meritless claim that he is entitled to blood or urine testing. Accordingly, he is not entitled to relief. His petition must therefore be **denied** and the action **dismissed**.

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: _10/16/2013_

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Nehemiah Grimes
No. 112249
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Highway 40
Greencastle, IN 46135

Electronically Registered Counsel